NO. 07-09-00344-CR, 07-09-00345-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 12, 2010

_____

ROBERT TIJERINA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A17408-0710, A17409-0710; HONORABLE ROBERT W. KINKAID JR., JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**ABATE AND REMAND**

Appellant, Robert Tijerina, appeals from his conviction for driving while intoxicated, third or more, and sentence of 55 years incarceration in the Texas Department of Criminal Justice, Institutional Division.

After one extension was granted, the clerk's record was filed on January 13, 2010. The reporter's record was initially due on December 7, 2009. On December 15, 2009, the Clerk of this Court notified the reporter that the reporter's record was past due and directed the reporter to advise the Court of the status of the reporter's record on or

before December 28, 2009. On December 23, 2009, the reporter filed a request for extension of time to file the record on the basis of the reporter's caseload. On January 4, 2010, the Court granted that motion and extended the deadline for filing the reporter's record to January 15, 2010. The reporter filed a second request for extension of time to file the record on January 14, 2010, indicating that 14 and one half volumes of the 17 volume record had been completed. On January 21, 2010, the Court granted the motion and extended the deadline to February 16, 2010. On February 23, 2010, the Clerk of this Court again notified the reporter that the reporter's record was past due and directed the reporter to advise the Court of the status of the reporter's record on or before March 5, 2010. On March 5, 2010, the reporter again filed a request for extension of time to file the record indicating that her caseload was preventing her from completing the record. We deny the reporter's third request for extension of time to file the reporter's record as not being supported by good cause.

Accordingly, we abate this appeal and remand the cause to the trial court for further proceedings. See TEX. R. APP. P. 35.3(c). Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine whether the reporter's caseload is such that an alternate or substitute reporter should or can be appointed to complete the record in this appeal in a timely manner. If so, the trial court is directed to take whatever steps are necessary to ensure that the reporter's record in this appeal is filed as soon as practicable.

The trial court shall cause the hearing to be transcribed. In addition, the trial court shall (1) execute findings of fact and conclusions of law addressing the foregoing

issues, (2) cause a supplemental clerk's record to be developed containing its findings of fact and conclusions of law and any orders it may issue relating to this matter, and (3) cause a reporter's record to be developed transcribing the evidence and arguments presented at the aforementioned hearing, if any. The trial court shall then file the supplemental clerk's record and any reporter's record transcribing the hearing with the Clerk of this Court on or before April 7, 2010. Should further time be needed by the trial court to perform these tasks, same must be requested before April 7, 2010.

It is so ordered.

Per Curiam

Do not publish.